## Lehman v. Windler Rifle & Pistol Club

*Susan N. Williams,* for plaintiffs.
*Richard T. Williams Sr.,* for defendant.

SHAULIS, *P.J.,* April 9, 1986 — The matter before this court is a complaint in equity filed by plaintiffs, Evan and Thorann Lehman, against defendant, Windber Rifle and Pistol Club. Plaintiffs and defendant occupy adjoining properties in Paint Township, Somerset County. Plaintiffs seek to enjoin defendant from operating a rifle range on its property. A full hearing was held before this court on July 8, and September 30, 1985, with the following:

## FINDINGS OF FACT

(1) Plaintiffs, Evan and Thorann Lehman, reside on a farm owned by Mr. Lehman's parents. The elder Lehmans moved off the farm in 1981 at which time the farming activities were continued by plaintiffs and Mr. Lehman's brother, Lee (Jeff) Lehman.

(2) Defendant owns the land adjoining the Lehman farm upon which defendant operates a gun and pistol club, including a 100-yard rifle range which is the subject of the case at bar.

(3) The pertinent lands and surrounding area are predominantly rural with a low population density.

(4) The shooting direction of the 100-yard rifle range is toward plaintiffs' land.

(5) Plaintiffs' home is located approximately 700 yards from the backstop on defendant's 100-yard rifle range. A wooded terrain separates the two structures.

(6) Defendant built the 100-yard rifle range in 1965 after consulting with a field representative of the National Rifle Association.

(7) Defendant modified the 100-yard rifle range by moving the backstop about 50 feet so as to make the shooting direction away from the Lehman home, yard and barn. The height of the backstop was increased to approximately 20 feet. The entire range and the backstop were sodded with 18 inches to 2 feet of topsoil, then seeded to inhibit richochets.

(8) In 1982, the Lehman residence was destroyed by fire. Plaintiffs erected a new home on the exact site of the prior dwelling.

## DISCUSSION

Plaintiffs' complaint seeks equitable relief from defendant's operation of its gun and pistol club. Testimony at the hearing outlined two separate concerns on plaintiffs' part: (1) the physical danger posed by the 100-yard rifle range and, (2) the noise emanating from the shooting done on defendant's property.

The case law in Pennsylvania is quite clear that shooting and holding shooting matches are not a nuisance per se. *Gundel v. Kemmick,* 60 Lanc.L.Rev. 116 (1966), exceptions dismissed, 60 Lanc.L.Rev. 230 (1966); *Brenner v. Melrose Gardens Inc.,* 63 Daup. Co. 33 (1952); *Schneider v. Waters,* 52 Lanc.L.Rev. 113 (1950). *Roberts v. Clothier,* 37 Montg.Co.L.Rev. 165 (1920). Therefore, this court cannot judicially declare defendant's activity to be a nuisance as a matter of law. "[W]hether such activity is in fact a nuisance would depend upon whether there has been an unreasonable interference with the rights of others [   ], and the extent of such interference with the rights of others would depend upon proof of the fact of and the extent of the injury . . . ." *Brenner v. Melrose Gardens,* supra, at 37.

On the issue of whether the noise emitted by defendant's shooting constitutes a nuisance, the general rule is that no one is entitled to absolute quiet in the enjoyment of his property; but one may insist on a degree of quietness consistent with the standard of comfort prevailing in the locality in which one lives. *Schneider v. Water,* supra, at 115; *Roberts v. Clothier,* supra, at 172. The standard was and is one of reasonableness. Judge Miller aptly stated the law when he wrote:

"In living, we must let live and reasonable noise is an incident of life. We are constantly surrounded by that made by automobiles moving on the highways, trains on steam or electric railways, children at play, barking watchdogs, persons at practice on musical instruments, and other agencies. The law is reasonable and it, therefore, says that we can not, in relation to such matters, be allowed to be either supersensitive or hypercritical. Before it permits us successfully to interfere it requires that substantial injury to ordinary persons affected be shown and that the noise itself be made under circumstances that constitute it a nuisance." *Roberts v. Clothier,* supra, at 175.

The present case involves a rural locality, a factor considered heavily by the courts in *Roberts v. Clothier,* supra; *Schneider v. Waters,* supra; *Smith v. Western Wayne County Conservation Assoc.,* 380 Mich. 526, 158 NW2d 463, 26 ALR 3d 647 (1968). Although *Smith* does not control in our jurisdiction, the opinion skillfully examines issues identical with the ones presented by the case at bar.

The testimony at the hearings differed as to the time and frequency of the shooting. However, there is little doubt that the rifle range is non-functional after dark. In addition, defendant's club rule restricts Sunday shooting to 1:00 p.m. to 5:00 p.m.

Nor does the case resemble the one before the Lancaster court in *Gundel v. Kemmick,* supra. In *Gundel,* the distance between the shooting position and plaintiff's house was approximately 90 feet. The court held that the noise did meet the test to be considered a nuisance. However, the present plaintiff's home is located over 700 yards from the backstop on defendant's range. This is a substantially greater distance than in *Gundel,* and the retort would be more muffled. Therefore, the evidence on record does not establish that the noise from defendant's shooting is a nuisance.

The second issue alleged by plaintiffs is that the use of the rifle range endangers their lives and property. As noted by the *Smith* opinion, the allegation also encompasses the consideration that the fear generated by the rifle range's operation should constitute a nuisance. *Smith v. Western Wayne Conserv. Assoc.,* supra, at 657.

In support of this allegation, plaintiffs offered testimony that bullets were found embedded in their barn and that plaintiffs and family members had heard bullets whizzing by them. In particular plaintiffs presented a spent muzzle loader ball which they contend was fired from defendant's range and which hit the barn roof as Lee Lehman worked nearby.

Defendant countered this evidence by expert testimony that a muzzleloader would not project a bullet sufficient distance to travel from defendant's range to plaintiffs' barn. Therefore, this court having heard the testimony finds itself in total agreement with the Michigan Supreme Court when it opined:

"The court is utterly convinced that no real or actual danger exists from the use of defendants' range. It is a reasonable supposition that in the

proper use of the range bullets could not pass over the crest of the backstop. As noted, that is not a strictly residential area; it is, rather, undeveloped, open agricultural country, expressly zoned agricultural and expressly permitting its use for gun clubs. Moreover, hunting in season is allowed and has been allowed for many years in the area. The construction and location of the range, the character of the area, the type of membership, the fact that no accidents occurred at defendants' [former] site in all the years it was in operation—all indicate that the chances of an accidental shooting are remote, largely speculative and conjectural, and completely insufficient to establish a nuisance in fact."

Nor is the fear expressed by plaintiffs sufficient to constitute nuisance. Plaintiffs' evidence did not establish any credible link between defendant's range and actual physical danger to life or property. "One thing is certain, equity will not interfere unless its right to do so is free from doubt. The wrong or injury resulting from the pursuits of a trade or business must be plainly manifest or certain to a trade or business must be plainly manifest or certain to follow . . . If the injury be doubtful, eventual, or contingent, equity not grant relief . . . The fact that it might possibly work injury is not sufficient." (citations omitted). *Brenner v. Melrose,* supra, at 38. See also *Schneider v. Waters,* supra; *Roberts v. Clothier,* supra; *Smith v. Western Wayne County Conserv. Assoc.,* supra.

## CONCLUSIONS OF LAW

(1) Shooting and holding shooting matches are not a nuisance per se.

(2) Given the rural locality, the distance between plaintiffs' and defendant's property, and the attend-

ing circumstances, the shooting range operated by defendant is not a nuisance in fact.

## DECREE NISI

Now, this April 9, 1986, it is ordered and decreed:

(1) That court has jurisdiction of the subject matter and the parties.

(2) That plaintiffs having failed to produce sufficient evidence to sustain their burden of proof, the complaint is dismissed.

(3) That each party shall pay its own costs.

That unless exceptions are filed within 10 days, the prothonotary shall on praecipe enter final judgment on this decree.